228 P.2d 959

**MARSH AVIATION CO., Inc. v. STATE CORPORATION COMMISSION et al.**

**No. 5348.**

Supreme Court of New Mexico.

March 16, 1951.

Joe L. Martinez, Atty. Gen., Philip H. Dunleavy, Asst. Atty. Gen., for appellants.

Grantham & Bratton, Albuquerque, for appellee.

COORS, Justice.

This suit was filed by Plaintiff, Marsh Aviation Company, against Defendants State Corporation Commission and its members in the District Court of Santa Fe County seeking a declaratory judgment determining Plaintiff not to be a common carrier by aircraft and therefore not subject to registration as a common carrier or subject to the rules and regulations as such. The Plaintiff also sought to have the Defendants enjoined from interfering with and preventing Plaintiff from carrying on its business of dusting and seeding farm lands by aircraft. The material allegations in the Complaint were that Plaintiff is engaged in the dusting and seeding of farm lands by aircraft in New Mexico, but does not engage in transportation of persons or property for hire and that Defendants claim Plaintiff is a common carrier by aircraft as defined by Sec. 47-106 N.M.S.A.1941 and as such is required to obtain a license from Defendant Commission and comply with its rules and regulations for common carriers by aircraft. Sec. 47-107, 108 N.M.S.A.1941.

The Defendants' answer admits they claim and they further affirmatively allege

that Plaintiff is a common carrier as defined by Sec. 47–106 N.M.S.A.1941 and that Defendants intend to prevent Plaintiff from carrying on its business until it complies with the rules and regulations of the Commission.

The pleadings therefore presented one important issue, that is, was defendant a common carrier by aircraft as defined by the provisions of the New Mexico statutes above cited and therefore subject to the Commission's rules as such, or was it not such a common carrier and therefore not subject to such rules and regulations?

No evidence whatever was introduced but the Plaintiff and Defendants filed a written signed stipulation of facts. The important facts stipulated insofar as this appeal is concerned are the following: Plaintiff's operations in New Mexico consist *entirely* of spraying, dusting or seeding farm lands. The large majority of Plaintiff's business comes through M. B. Bostick of Las Cruces, New Mexico, who sells insecticides and germicides and who deals with farmers who contract with him to spray or dust their farms. Bostick advises them as to the proper insecticide or germicide to use, the quantity needed and makes a deal at a price for the entire operation including cost of the insecticide, etc., and the spraying or dusting thereof on the farm. Bostick delivers the insecticide, etc. to the closest possible place to the farm from which Plaintiff's airplane can take off and land. In most instances there is some flat field immediately on or adjacent to the farm to be sprayed or dusted. Sometimes the loading place is a mile or two away but the closest is always used. In three instances during Plaintiff's entire operations in New Mexico it has been impossible to find a landing strip near and it has been necessary to load the plane twelve miles from the farm to be sprayed, but in all other instances it has been possible to use landing area within three miles of the ground to be sprayed. The plane of course returns to the loading place for as many loads of germicide as may be necessary to spray or dust the entire area to be protected. Bostick charges and collects from the farmer customers for the entire operation, including the cost of the insecticide or germicide, and four cents per pound for the service of dusting or spraying, and in turn pays the Plaintiff for the spraying or dusting the four cents per pound he has charged and collected from the farmers for spraying, less ten percent for his services. If the area to be dusted is in excess of 700 acres the dusting charge is reduced to three and one-half cents per pound. Bostick has no ownership interest in Plaintiff's business and Plaintiff has no interest in Bostick's business. In a few instances farmers have purchased their own insecticide and have arranged directly with Plaintiff for the spraying or dusting

and have paid Plaintiff for such the same price charged by Bostick, above mentioned.

Plaintiff's service for spraying and dusting is available to any person at the prices mentioned if the land to be dusted is within three miles of any suitable place for the airplane to take off and land. In the three instances above mentioned where no suitable landing place could be located closer than twelve miles from the area to be dusted a charge of six cents per pound of germicide was made for the entire operation of spraying or dusting. Plaintiff operates during the dusting season three or four planes, all of which are specially equipped with a hopper and spreader, without which special equipment it is impossible to spray or dust a field from the air.

Neither the Plaintiff nor Defendants filed any requested findings of fact or conclusions of law and the trial court made none except as found in the final judgment itself. In the final judgment the trial judge found that the facts contained in the stipulation were true and adopted and made the same a part of the judgment as fully as though they were set forth therein. The Court also found that an actual controversy exists in that Defendants claim Plaintiff is a common carrier by aircraft as defined by the laws of the State and as such is required to secure a license from the Commission and comply with its rules and regulations relating to such common carriers, and that Plaintiff claims it is not

such a common carrier by aircraft and is not therefore subject to license as such by the Commission, nor amenable to its rules and regulations for common carriers by aircraft; that Defendants had ordered Plaintiff to stop crop dusting until it obtained such a license from the Commission; that insofar and so long as Plaintiff charges a fixed rate for its crop dusting or crop fertilizing services, and does not vary such rate dependent upon the distance from the area to be sprayed at which Plaintiff's aircraft is loaded, it is not transporting property for hire.

The judgment of the trial court then proceeds and is quoted as follows:

"Wherefore the Court determines and declares the law to be:

"That when the charges fixed by plaintiff vary with the distance traveled, then the plaintiff is a common carrier subject to the jurisdiction of the Corporation Commission and its rules and regulations governing common carriers by aircraft in the State of New Mexico.

"That insofar and so long as Plaintiff charges a fixed rate for its crop dusting or crop fertilizing services, and does not vary such rate dependent upon the distance from the area to be sprayed or dusted at which plaintiff's aircraft is loaded, it is not a common carrier as defined by the Laws of the State of New Mexico, and is not subject to registration as a common car-

rier by aircraft by the State Corporation Commission of New Mexico, and is not amenable to the Rules and Regulations adopted by the said Corporation Commission concerning the operation of common carriers by aircraft in the State of New Mexico.

"Now, therefore, it is by the court ordered and decreed that Defendants, and each of them and their agents, servants, employees and successors in office, be and they hereby are restrained and enjoined from requiring or ordering Plaintiff to register as a common carrier so long as Plaintiff charges a fixed rate for its crop dusting services, and does not vary such rate dependent upon the distance from the area to be sprayed at which plaintiff's aircraft is loaded."

The Plaintiff-Appellee as point one (1) in its brief questions the right of defendant to challenge the judgment because findings of fact or conclusions of law were neither requested nor those made objected to. Since the facts were stipulated and found as stipulated, no issues on the facts arise. The challenge is to a conclusion of law drawn from admitted facts. The right to a review of the question of law thus presented is so well established that citation of authority to sustain it is unnecessary. Accordingly, we proceed at once to consideration of the merits of the appeal.

The District Court in its judgment above quoted concluded as a matter of law, first: "That when the charges fixed by Plaintiff vary with the distance traveled, then Plaintiff is a common carrier subject to the jurisdiction of the Corporation Commission," etc. None of the parties have assigned error or raised any objection on appeal to such conclusion of law and therefore it will not be considered by us at this time.

The next and last conclusion of law is set forth in the judgment of the lower court, to-wit: "That insofar and so long as Plaintiff charges a fixed rate for its crop dusting or crop fertilizing services, and does not vary such rate dependent upon the distance from the area to be sprayed or dusted at which plaintiff's aircraft is loaded, it is not a common carrier as defined by the laws of the State of New Mexico," etc. Sections 47–101 to 47–111 N.M.S.A.1941.

The judgment of the District Court is based upon this last conclusion and it is this last legal conclusion that Defendants-Appellants assign as error. It is the only assignment of error and the only point made by Appellants in their brief.

Was the Plaintiff engaged in the transportation by air of property for hire between points within this state or from a point in this state and return thereto?

The object of the farmer in this matter undoubtedly was to have his land and the crops thereon sprayed with insecticide or germicide in order to save his crops from damage or destruction. As a rule, he purchased in one transaction the insecticide and the service of spraying or dusting his land and crops by an airplane specially equipped to render such particular service. In isolated cases he bought the insecticide and paid the Plaintiff to spread it over his field for him. It mattered not to the farmer where the insecticide would be put on the plane or from where the plane took off, whether it be from the very field to be dusted or from some other piece of land sufficiently level, large and clear of obstacles. The farmer arranged and paid for a service having for its sole purpose the killing of germs and insects which might damage or destroy his crops. Of course if the insecticide was to be spread from the hopper and spreader of the airplane it had to be placed on the airplane and if the airplane took off from the very land to be dusted or from some other tract of land it would take the insecticide between points within the state or from a point and return thereto. The dusting or spraying would be impossible to perform by airplane unless it was being taken and spread from the airplane. But does such a taking or carrying amount to transportation of property for hire within any sensible or reasonable interpretation of those words found in the statute? The fact that the airplane must take the insecticide so as to spread it by spray or dust was merely incidental to performing the particular specialized service the Plaintiff was hired to do, that is, to dust the farmer's land and crops thereon with insecticide from the airplane. Neither were the farmers buying nor was the Plaintiff selling transportation of property. We are convinced they were buying and Plaintiff was selling a special service. In performing that service under the conditions named in the judgment of the lower court, Plaintiff was not engaged in the transportation of property for hire between points within this state or from a point and return thereto, and was not a common carrier by aircraft subject to license and regulation by the Commission as a common carrier by aircraft.

The only similar case cited by either counsel or found by our own search is Quick Aviation Company v. Kleinman, 60 Ariz. 430, 138 P.2d 897, 899. In that case both the Plaintiff and Defendant were engaged in dusting and spraying farm lands and crops by aircraft. The Plaintiff had a certificate from the Corporation Commission of Arizona as a common carrier. The Defendant had been refused such a certificate. Plaintiff sued to enjoin Defendant from operating. The trial court held that neither Plaintiff nor Defendant were common carriers nor under

jurisdiction of the Corporation Commission as common carriers, and that the certificate issued to the Plaintiff was void for lack of jurisdiction. The Supreme Court of Arizona affirmed the lower court's judgment, saying: " * * * we are of the opinion that under the facts the trial court was justified in its conclusion that neither the plaintiff nor defendant was a common carrier within the purview of the constitution or the statute. * * * It would seem to us that taking the insecticide from the place of landing, which was sometimes very near the field to be dusted, to that field, and the dusting, was one operation and that the person who did this was in no sense of the term a common carrier."

If the mere taking, carrying or delivering of articles or property as an incident to the performance of some special service for hire is to make a person performing such special service a common carrier, then we would be compelled to classify as common carriers wash women and laundries who come by truck and carry away the soiled clothes to their place of washing and then re-deliver the washed goods to us. Likewise would be common carriers those who clean and press our clothes for hire and make delivery of the clothes or property by automobile on the public streets or highways of our State. And might we not even be required to say that our milk man who daily delivers by truck to our homes the milk we buy is a common carrier because he transports property, to-wit milk? Examples of this kind involving incidental carrying could go on endlessly but needlessly.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.